**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| CARLOS BAEZ-LARA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV 305-014 |
| | ) |
| MICHAEL PUGH, Warden, | ) |
| McRae Correctional Facility, | ) |
| | ) |
| Respondent. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Carlos Baez-Lara, an inmate formerly incarcerated at McRae Correctional Facility ("MCF") in McRae, Georgia, has filed an action under 28 U.S.C. § 2241 contesting the execution of his sentence of confinement. The matter is now before the Court on Respondent's motion to dismiss. (Doc. no. 11). As Petitioner has not filed a response, the motion is deemed unopposed.[1] Loc. R. 7.5. For the reasons stated more fully below, the Court **REPORTS** and **RECOMMENDS** that the motion to dismiss be **GRANTED**, that this civil action be **DISMISSED**, and that an appropriate judgment of dismissal be **ENTERED** in favor of Respondent.

---

[1] When Petitioner failed to file a response, the Court entered an ordered warning Petitioner of the consequences of failing to respond to Respondent's dispositive motion and giving him an additional fifteen days to respond. (Doc. no. 12). However, that order was returned as "undeliverable" because no such inmate could be identified at MCF. (See docket entry of May 16, 2005). As discussed in more detail below, that Petitioner could not be identified at MCF comports with Respondent's contention in the motion to dismiss that Petitioner has been awarded the prior custody time he seeks, thereby resulting in his release from MCF.

## I. **BACKGROUND**

According to Petitioner's memorandum in support of his petition, he was arrested on May 16, 1997 in the Dominican Republic for the offense of money laundering and held in detention until July 14, 1998. After a jury trial, Petitioner was found not guilty of the charges. However, on September 17, 2001, Petitioner was again arrested by authorities in the Dominican Republic based on a warrant issued by the United States District Court for the District of Puerto Rico; he was held in custody in the Dominican Republic based on this warrant until he was extradited to the United States on June 13, 2002. According to Petitioner, his prosecution in the United States for money laundering was based on the same offense tried in the Dominican Republic and was based on the same evidence. Upon sentencing for his conviction obtained in the United States, Petitioner's sentence computation was updated to award prior custody credit from the date of his arrest on September 17, 2001, until the day prior to his sentencing, July 21, 2003.

In the current petition, Petitioner seeks an award of prior custody credit under 18 U.S.C. § 3835(b) for time he spent in the custody of Dominican Republic authorities from May 16, 1997 until July 14, 1998 because according to him, the money laundering offense of which he was found not guilty in the Dominican Republic arose out of the same facts as the offense for which he was subsequently convicted in the United States.[2] Respondent moves to dismiss the case because subsequent to the filing of the petition now before the Court, the Bureau of Prisons awarded Petitioner the prior custody credit which Petitioner

---

[2]Respondent does not dispute that Petitioner exhausted his administrative remedies prior to bringing this petition.

2

requested in his filings with the Court. According to government records, Petitioner was scheduled to be released on April 18, 2005. (Doc. no. 11, Ex. B). An order of this Court sent to Petitioner at MCF on May 10, 2005 was returned as "undeliverable" with a notation that the person to whom the mail was addressed could not be identified.[3] Thus, it appears that Petitioner has been released from custody at MCF.

## II. DISCUSSION

18 U.S.C. § 3585 provides:

**(a) Commencement of sentence.**--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

**(b) Credit for prior custody.**--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–

(1) as a result of the offense for which the sentence was imposed; or
(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

According to the affidavit of John Gaither, the Regional Inmate Systems Administrator at the Southeast Regional Office for Federal Bureau of Prisons, "Since Petitioner was acquitted of the charges in the Dominican Republic [which stemmed from the same events forming the basis for his conviction in the United States], Petitioner is entitled to the credit against his federal sentence [under 18 U.S.C. § 3585(b)] for time spent in detention in the Dominican Republic. Records have been updated to reflect Petitioner being

---

[3]The docket does not reflect that Petitioner has provided the Court with a new address.

3

awarded credit." (Doc. no. 11, Ex. A, Aff. of John Gaither ¶¶ 4, 5). Respondent has also submitted a form entitled "Sentence Monitoring Computation Data as of 04-13-2005" which shows that on March 17, 2005, Petitioner's sentence was "updated to reflect the award of foreign jail credit." (Id., Ex. B, p. 2). Petitioner's new projected release date was then set to April 18, 2005 (id.), and Petitioner can no longer be located at MCF.

Thus, it appears that Petitioner has received the prior custody credit sought in his current petition. Accordingly, his petition is now moot, and Respondent's unopposed motion to dismiss should be granted.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the motion to dismiss be **GRANTED**, that this civil action be **DISMISSED**, and that an appropriate judgment of dismissal be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 26th day of May, 2005, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

# United States District Court
## *Southern District of Georgia*

ATTORNEYS SERVED:

Carlos Baez-Lara, Pro-se
Amy Lee Copeland, Esq.

CASE NO: CV305-014

DATE SERVED: May 26, 2005

SERVED BY: Cindy Reynolds

☐ Copy placed in Minutes
☐ Copy given to Judge
☒ Copy given to Magistrate